IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT E. ALLEN                                                                                          PLAINTIFF

V.                          CASE NO. 3:16-cv-03047

SOUTHERN HEALTH PARTNERS, INC. and
JODI WOODS                                                               DEFENDANTS

## OPINION AND ORDER

This is a civil rights action filed by Plaintiff Robert E. Allen, pursuant to 42 U.S.C. § 1983. Allen proceeds *pro se* and *in forma pauperis*. He is currently incarcerated in the Federal Correctional Institution in Greenville, Illinois. Currently pending before the Court is a Partial Motion to Dismiss (Doc. 13) filed by Defendants Southern Health Partners, Inc. and Nurse Jodi Woods (originally incorrectly identified as "Jody Woods"). Specifically, both Defendants seek dismissal of the official capacity claims against them. Allen has filed a Response in Opposition to the Motion. (Docs. 16-17).

### I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), when Allen was incarcerated in the Boone County Detention Center in Harrison, Arkansas, Nurse Woods and Boone County Detention Center staff refused to treat Allen for prostate and testicular cancer. Allen further alleges that Nurse Woods verbally abused him in the presence of other inmates.

As relief, Allen seeks compensatory and punitive damages. He also asks that Nurse Woods be terminated from the Boone County Detention Center and that her license be revoked.

1

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Id.*, at 594. The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007), or a reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(while *pro se* complaints are liberally construed, they must allege sufficient facts to support the claims.).

## III. DISCUSSION

Defendants maintain they are entitled to the dismissal of all official capacity claims against them because Allen has not alleged facts sufficient to assert a plausible claim that an official institutional policy or custom reflected deliberate indifference to his serious medical needs.

Official capacity claims are "functionally equivalent to a suit against the employing governmental [or institutional] entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). A plaintiff "seeking to impose liability on a municipality [or institution] under § 1983 [must] identify [an unconstitutional] policy or custom that caused the plaintiff's

injury." *Board of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403 (1997). "There are two basic circumstances under which municipal [or institutional] liability will attach: (1) where a particular [institutional] policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful [institutional] policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009) (citation omitted).

Allen has not alleged a plausible "policy" claim in this case. He has not pointed to "any officially accepted guiding principle or procedure that was constitutionally inadequate" and has not pointed to a "'deliberate choice of a guiding principle or procedure made by the [institutional] official who has final authority regarding such matters.'" *Jenkins v. Cnty. of Hennepin*, 557 F.3d 628, 633 (8th Cir. 2009) (quoting *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999)).

Further, "a custom can be shown only by adducing evidence of a continuing, widespread, persistent pattern of unconstitutional misconduct." *Id.* at 634 (internal quotation marks and citation omitted). Allen has simply not asserted facts sufficient to state a plausible claim that there was any widespread, persistent pattern of unconstitutional conduct with respect to the provision of medical care at Boone County Detention Center.

## IV. CONCLUSION

The Partial Motion to Dismiss (Doc. 13) filed by Defendants is **GRANTED.** Defendant Southern Health Partners, Inc. is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(6), and all official capacity claims against Defendant Jodi Woods are **DISMISSED**, leaving for further resolution the personal capacity claims asserted against her.

**IT IS SO ORDERED** on this 29th day of August, 2016.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE